```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MICHAEL BEST,                       :
                                    :
                  Plaintiff,        :
                                    :   04 Civ. 08213 (LAK)(THK)
      -against-                     :
                                    :         ORDER
                                    :
CORRECTION OFFICER                  :
BRIDGEWATER, et al.,                :
                                    :
                  Defendants.       :
------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

The Complaint in this matter was filed pro se by Plaintiff on August 26, 2004, naming "Correction Officer Bridgewater, [Badge ID] # 10793," "Correction Officer Rodriguez, [Badge ID] # 2077," and Warden Richard Palmer, Jr. of the Vernon C. Bain Center Correctional Facility as Defendants. The action, in which Plaintiff brings several claims arising out of an alleged assault by New York City correctional officers, is brought pursuant to 42 U.S.C. § 1983.

Plaintiff was granted in forma pauperis status and has attempted to serve the named Defendants through the United States Marshals Service, pursuant to Local Civil Rule 33.2. The Marshals Service successfully served Officer Bridgewater, but was unable to serve Officer Rodriguez and Warden Richard Palmer, Jr. For the latter two Defendants, the Marshals Service filed the returns of service unexecuted and marked "Insufficient Address," in the case of Officer Rodriquez, and "Attempted, Not Known," in the case of Warden Richard Palmer, Jr.

If Plaintiff were represented by counsel, he would issue a subpoena pursuant to Rule 45 to obtain, from the City of New York, the addresses at which Defendants could be served. Under Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), this Court has an obligation to assist Plaintiff in obtaining the information necessary to effectuate service.

The Complaint appears to supply sufficient information to permit the City of New York's Department of Correction to identify the two individuals who were not successfully served, and thus, to provide information which will permit effective service. Consistent with Valentin, the Court hereby orders the Assistant Corporation Counsel assigned to the case, having appeared in this matter on behalf of Officer Bridgewater,[1] and as the attorney and agent for the New York City Department of Correction, to provide to Plaintiff the correct names and addresses of the two unserved individuals named in the Complaint, to the extent that they can be determined, so that the United States Marshall Service may promptly effectuate service. This information shall be provided to Plaintiff by letter on or before January 7, 2007, with a copy to the undersigned.

Plaintiff must thereafter provide the necessary information to the United States Marshal Service so that service may be effectuated. The deadline for Plaintiff's effectuating service

---

[1] The Assistant Corporation Counsel assigned to this case has indicated to the Court that he intends to file an answer on behalf of Officer Bridgewater by December 15, 2006.

under Fed. R. Civ. P. 4(m) is February 28, 2007.

                                                           SO ORDERED.

                                 _____
                                       Theodore H. Katz
                              United States Magistrate Judge

Dated:     December 8, 2006
            New York, New York